**TERREBONNE FUEL & LUBE, INC.**

v.

**PLACID REFINING COMPANY.**

Civ. A. No. 93–1246.
Bankruptcy No. 86–01526–B.

United States District Court,
E.D. Louisiana.

July 22, 1993.

James G. Burke, Jr., Robert D. Hoffman, Jr., Burke & Mayer, New Orleans, LA, for Placid Refining Co. creditor.

C. Berwick Duval, II, Duval, Funderburk, Sundbery & Lovell, Houma, LA for Terrebonne Fuel & Lube, Inc. debtor.

## ORDER AND REASONS

WICKER, District Judge.

This matter came before the Court on motion of Terrebonne Fuel & Lube, Inc. to dismiss the appeal of Placid Refining Company from an order of the bankruptcy court. After considering the record, the briefs and exhibits filed by the parties, the arguments of counsel, and the applicable law, the motion to dismiss the appeal is GRANTED.

This is a motion by the bankruptcy debtor, Terrebonne Fuel, to dismiss the appeal by its creditor, Placid Refining Co., from the bankruptcy court's March 23, 1993 order denying Placid's Motion for Order to Debtor to Dismiss State Claims with Prejudice.

### Facts

This matter arises from the bankruptcy proceedings of Terrebonne Fuel, a wholesale fuel distributor which had a contract to purchase fuel from Placid Refining. Terrebonne's Plan of Reorganization, which was confirmed on April 16, 1987, listed a $1.5 million claim by Placid against Terrebonne under the fuel contract, but did not list any claims by Terrebonne against Placid.

On April 24, 1987, Terrebonne filed a complaint for equitable subordination in bankruptcy court, claiming that Placid had forced Terrebonne into bankruptcy by prematurely calling in its loan made for the credit purchases and by effectively cutting off Terrebonne's cash flow under an assignment of accounts receivables. The bankruptcy judge dismissed that complaint with prejudice on June 29, 1989, stating:

In summary, the Court finds that Debtor's complaint fails to state a claim under 11 U.S.C. § 510(c) for equitable subordination and, thus, was not a core proceeding under 28 U.S.C. § 157. Taken as a breach of contract cause of action, the Complaint represents at best a "related to" matter and the Court would use its discretion to abstain, declining to exercise whatever jurisdiction may exist.

Terrebonne did not appeal that ruling.

On July 25, 1989, Terrebonne filed an action against Placid in state court, asserting that Placid forced it into bankruptcy prematurely.[1] Placid filed an exception of res judicata and a reconventional demand in the state proceeding and then brought its motion in bankruptcy court seeking an order to the debtor to dismiss the state court action.

On March 23, 1993 the bankruptcy judge ordered Placid's motion dismissed, on the basis that "the Court lacks the jurisdiction to render the requested relief." In written reasons, the judge stated that the bankruptcy court has only limited post-confirmation jurisdiction and was without jurisdiction to issue such an order regarding a state court proceeding. He reiterated his earlier finding that Terrebonne's claim is neither a core proceeding nor a related matter, because the bankruptcy estate ceased to exist upon confirmation and substantial consummation of the reorganization plan, and concluded, "[R]eservation of jurisdiction beyond what is necessary to effectuate the plan of reorganization is beyond the power of the bankruptcy court."

On March 24, 1993 Placid filed its notice of appeal of the bankruptcy court's ruling.

On March 29, 1993, the state district court issued a ruling that dismissed Placid's exception of res judicata with prejudice, ruled in favor of Terrebonne on the merits of the state case and awarded it $500,000, and dismissed Placid's reconventional demand. Placid has filed a suspensive appeal of the state court's ruling.

### Issues on Appeal

Regarding its appeal of the bankruptcy court's dismissal of its motion to dismiss state court proceeding, Placid argues that an order confirming a debtor's plan of reorganization is res judicata as to a subsequent state court action filed by the debtor against a creditor in the bankruptcy.

Terrebonne contends, in its motion to dismiss Placid's appeal, that Placid's failure to obtain a stay of the bankruptcy court's order dismissing its motion, coupled with the state court judgment which fully litigated the issues of res judicata and estoppel, constitutes a bar to Placid pursuing this appeal. Terrebonne argues the state court's judgment dismissing Placid's exception of res judicata/estoppel with prejudice is entitled to full faith and credit in this Court and, therefore, Placid's appeal should be dismissed as moot.

In opposition to dismissal of its appeal, Placid argues that the state court judgment on the exception of prescription/res judicata is not res judicata because its appeal is pending. Under Louisiana law the state trial judge's denial of Terrebonne's exception of res judicata is an interlocutory judgment, which may be reviewed only on appeal of the entire matter. Placid contends that it has perfected a suspensive appeal of the judgment on the merits, and that the judgment will not be res judicata until the case completed the appeal process.

28 U.S.C. § 1738 provides that properly authenticated judicial proceedings of any state court "shall have the same full faith

1. *Terrebonne Fuel & Lube, Inc. v. Placid Refining Company,* No. 89–16316, Civil District Court for the Parish of Orleans.

and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." [2]

■ A judgment is entitled to full faith and credit, even as to questions of jurisdiction, when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment. *Fidelity Stand. Life Ins. Co. v. First Nat. B. & T. Co., Ga.*, 510 F.2d 272 (5th Cir.1975), *cert. den.*, 423 U.S. 864, 96 S.Ct. 125, 46 L.Ed.2d 94.

■ "In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982). The exception to this mootness doctrine is where a case is within the class of cases "capable of repetition, yet evading review." *Id.*, at 482, 102 S.Ct. at 1183. However, that exception requires that there must be a reasonable expectation or demonstrated probability, and not a mere physical or theoretical possibility, that the same controversy will recur involving the same complaining party. *Id.*

■ Generally, "an appeal will be dismissed as moot when events occur during the pendency of the appeal which prevent the appellate court from granting any effective relief." *In re Highway Truckdrivers and Helpers Local Union 107*, 888 F.2d 293, 297 (3rd Cir.1989).

■ Under B.R. 8005, which governs motions for stay of a bankruptcy court order, the consequence of failing to obtain a stay is that the prevailing party may treat the judgment of the lower court as final notwithstanding that an appeal is pending. 9 J. Moore, *Federal Practice* § 208.03, at 8–9 (2d ed. 1979).

Thus, Terrebonne contends that when it obtained the state court judgment in its favor on the merits in the state court proceeding, Placid's appeal of the bankruptcy court's ruling became moot.

■ Under Louisiana law the order denying the exception of res judicata is an interlocutory judgment rather than a final judgment, La.C.C.P. art. 1841, and a final judgment is not res judicata until there can be no further appeal from it. *McConnell v. Travelers Indemnity Company*, 346 F.2d 219 (5th Cir.1965).[3]

■ The federal Fifth Circuit, however, has held that a case pending appeal is res judicata and is entitled to full faith and credit unless and until reversed on appeal. *Fidelity Stand. Life Ins. Co., supra,* and cases cited therein at 273.

■ Thus, it appears that the bankruptcy court's ruling is made moot by entry of final judgment in the state case, regardless of the pending state appeal. *See also, Richardson v. City of South Euclid*, 904 F.2d 1050 (6th Cir.1990), *cert. den.*, 498 U.S. 1032, 111 S.Ct. 691, 112 L.Ed.2d 681 (1991).

Given the fact that judgment on the merits of the state case has been rendered, this Court is required to give that judgment full faith and credit. Incorporated within that judgment on the merits is the state court's dismissal of the exception of res judicata which Placid had raised in those proceedings. As a result of the final state judgment, therefore, Placid's attempt to have the Bankruptcy Court order the debtor to dismiss the state claims is moot.

■ Placid also has appealed a March 22, 1993 order which held Placid in contempt for filing a reconventional demand in state court seeking damages for pre-confirmation actions. Although Terrebonne does not challenge the appeal of the contempt order on this motion to dismiss, Placid ad-

---

**2.** Terrebonne has provided this Court with certified copies of the appropriate documentation.

**3.** La.Civ.Code art. 3506 defines res judicata ("thing adjudged") as "that which has been decided by a final judgment, *from which there can*

*be no appeal,* either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal." (Emphasis added.)

mits in its brief on the merits of its appeal that its appeal of the contempt order is premature because the order is not final, no ruling on the amount of sanctions due for the contempt having yet been issued by the Bankruptcy Court. Accordingly, the Court will dismiss the appeal of the contempt order as premature, pursuant to *Southern Travel Club v. Carnival Air Lines*, 986 F.2d 125 (5th Cir.1993).

In addition, Terrebonne filed a cross-appeal regarding the contempt order, seeking issuance of additional sanctions on the ground that Placid had continued to pursue its state court action against Terrebonne. Because the bankruptcy court's contempt order, as discussed above, was not ripe for appeal and the appeal thereof must be dismissed, we conclude the cross-appeal relating to sanctions, which stems from the contempt order, also must be dismissed on the ground of prematurity. *See Southern Travel Club v. Carnival Air Lines, supra.*

### Decree

Accordingly, IT IS ORDERED that the motion of Terrebonne Fuel & Lube, Inc., to dismiss the appeal hereby is GRANTED. The appeal of Placid Refining Company from the Bankruptcy Court's order of March 23, 1993, dismissing Placid's Motion for Order to Debtor, hereby is DISMISSED.

IT IS FURTHER ORDERED that the appeal of Placid Refining Company from the Bankruptcy Court's order of March 22, 1993, finding Placid in contempt of court, is hereby DISMISSED AS PREMATURE.

IT IS FURTHER ORDERED that the cross-appeal of Terrebonne Fuel & Lube, Inc. also is hereby DISMISSED AS PREMATURE.