PER CURIAM.
In Johnson v. University Medical Center in Lafayette, 2007-1683 (La.11/21/07), 968 So.2d 724, this court reversed a district court’s judgment, which had refused to grant the State defendants’ motion (filed pursuant to LSA-C.C.P. art. 1672(C)[1]) to dismiss the plaintiffs petition, on the State’s contention that the plaintiff had failed to properly request service within ninety days of the filing of the original petition (as required by LSA-R.S. 13:5107(D)[2]); judgment was entered in favor of the State defendants, dismissing the plaintiffs suit (which had been instituted on March 16, 2006), without prejudice.
On January 31, 2011, rather than filing a new suit, the plaintiff requested the Lafayette Parish Clerk of Court to again serve her March 15, 2006 petition on the State defendants. The State defendants responded by filing exceptions of insufficiency of process and prescription, as well as a motion to dismiss the suit. Thereafter, the district court dismissed the plaintiffs suit.
The plaintiff filed an appeal of this dismissal, but failed to pay the appeal costs to the clerk of court within twenty days of the mailing of notice of the estimated costs of appeal, as required by LSA-C.C.P. art. 2126. The State filed a motion to dismiss the appeal for nonpayment of costs, and following an October 31, 2011 hearing on the motion, the plaintiffs appeal was dismissed by the district court, despite the plaintiffs October 28, 2011 payment, albeit late, of the estimated appeal costs.
The plaintiff appealed the dismissal of her appeal to the Third Circuit. The appellate court noted that the limited issue before it was whether the trial court erred in dismissing the plaintiffs appeal as having been abandoned, and that it considered only that issue. The Third Circuit reasoned that the plaintiffs payment of appeal costs, prior to the district court’s October 31, 2011 hearing, satisfied the dual purpose of LSA-C.C.P. art. 2126, as stated in Pray v. First National Bank of Jeffer *349 son Parish, 93-3027 (La.2/11/94), 634 So.2d 1163 (i.e., (1) to dismiss appeals for nonpayment of costs in those cases in which the appellant files a timely appeal and thereafter decides not to pursue it, and (2) to ensure prompt payment of costs of appeal by dilatory appellants; however, the focus of district courts, in deciding Article 2126 motions to dismiss, should be on securing payment of costs in order to move appeals forward rather than on dismissing appeals that obviously have not been abandoned, even though a motion to dismiss may have been filed immediately after expiration of the twenty-day period for paying the costs). Noting that jurisprudence has held that an appellant’s payment of appeal costs, prior to a hearing on a motion to dismiss an appeal, evidences an intent by the appellant to maintain the appeal, rather than to abandon, the Third Circuit concluded that, although the district court may have applied other sanctions, it abused its discretion in dismissing the plaintiffs appeal. See Johnson v. University Medical Center in Lafayette, 2012-0586 (La.App. 3 Cir. 12/5/12), 104 So.3d 726. The State defendants have now applied to this court for review.
Louisiana Code of Civil Procedure Article 1673 provides, in pertinent part: “A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” (Emphasis added.) When an action has been dismissed by final judgment, that action is at an end, and a plaintiff cannot thereafter assert new allegations or demands in that proceeding; the plaintiffs remedy is to file a new and separate suit. See Hayes v. Muller, 248 La. 934, 183 So.2d 310 (La.1966). The dismissal of the plaintiffs suit, as instituted by her March 16, 2006 petition, was fully and finally dismissed, without prejudice, pursuant to LSA-R.S. 13:5107(D), by this court’s November 21, 2007 judgment, rendered in Johnson v. University Medical Center in Lafayette, 2007-1683, supra. That judgment of dismissal is now res judicata, which can be noticed by either the trial or an appellate court on its own motion. See LSA-C.C.P. art. 927.
Accordingly, we grant the application for certiorari in this case, and we conclude that any further allegations or demands are now barred in this suit. The judgment of the appellate court is reversed and the district court judgment of dismissal is reinstated.
WRIT GRANTED; APPELLATE COURT DECISION REVERSED; DISTRICT COURT JUDGMENT OF DISMISSAL REINSTATED.

. Article 1672(C) provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

. Revised Statute 13:5107(D) provides:
(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C)....
See also LSA-C.C.P. art. 1201(C) (providing: "Service of the citation shall be requested on all named defendants within ninety days of commencement of the action.”).