# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 17-825
### C/W 17-1182

**ROBERT FRANK PALERMO**

**VERSUS**

**CENTURY INDEMNITY COMPANY, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-143
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Phyllis M. Keaty, John E. Conery, and Van H. Kyzar, Judges.

**REVERSED AND REMANDED.**

Paul J. Politz
Paula M. Wellons
D. Ashbrooke Tullis
Taylor, Wellons, Politz & Duhe, APLC
1515 Poydras Street, Suite 1900
New Orleans, LA 70112
(504) 525-9888
COUNSEL FOR DEFENDANT/THIRD PARTY PLAINTIFF/APPELLANT:
    Certain Underwriters at Lloyd's, London


Tyson B. Shofstahl
Leslie M. Henry
Louis P. LaCour
Adams & Reese, LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
(504) 581-3234
COUNSEL FOR DEFENDANTS/APPELLEES:
    ConocoPhillips Company
    Hartford Accident and Indemnity Company


Benjamin J. Guilbeau
John J. Simpson
Stockwell, Sievert, Viccellio, Clements, & Shaddock, L.L.P.
P. O. Box 2900
Lake Charles, LA 70602
(337) 436-9491
COUNSEL FOR DEFENDANTS/APPELLEES:
    PPG Industries, Inc.
    Hartford Accident and Indemnity Company


James M. Garner
Martha Y. Curtis
Amanda R. Schenck
Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC
909 Poydras Street, Suite 2800
New Orleans, LA 70112
(504) 299-2100
COUNSEL FOR DEFENDANT/APPELLEE:
    Century Indemnity Company


Michael D. Lonegrass
Rodger G. Green, Jr.
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street, Suite 4040
New Orleans, LA 70139
(504) 525-6802
COUNSEL FOR DEFENDANT/APPELLEE:
    Crown, Cork & Seal Company

Jeffrey T. Gaughan
Wells T. Watson
Baggett, McCall, Burgess, Watson & Gaughan
P. O. Drawer 7820
Lake Charles, LA 70605-7820
(337) 478-8888
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Robert Frank Palermo
    Roberta Palermo

Lauren D. Brossette
Kenneth R. Spears
Claudia Gary
Spears & Gary, LLC
One Lakeshore Drive, Suite 900
Lake Charles, LA 70629
(337) 513-4333
COUNSEL FOR DEFENDANT/APPELLEE:
    CanadianOxy Offshore ProductionCompany

Katherine O'Hannan
Joseph P. Guichet
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
(504) 568-1990
COUNSEL FOR DEFENDANT/APPELLEE:
    Travelers Indemnity Company

Mary Arthur
Forman Watkins Krutz
701 Poydras Street, Suite 4350
New Orleans, La 70139-6001
(504) 799-4383
COUNSEL FOR DEFENDANT/APPELLEE:
    Owens-Illinois, Inc.

**KYZAR, Judge.**

Certain Underwriters at Lloyd's, London ("Certain Underwriters") appeals the granting of peremptory exceptions of res judicata dismissing its third-party demands against ConocoPhillips Company ("ConocoPhillips"), PPG Industries, Inc. ("PPG"), Hartford Accident and Indemnity Company ("Hartford") as the alleged insurer of ConocoPhillips and PPG, Century Indemnity Company ("Century") as the alleged insurer of PPG and certain PPG Industries, Inc. executive officers, Travelers Casualty and Surety Company and Travelers Indemnity Company (collectively "Travelers")[1] as the alleged insurer of PPG and certain PPG Industries, Inc. executive officers, and Crown, Cork & Seal Company, Inc. ("CCS"), all collectively referred to as Appellees. For the reasons herein, we reverse the decisions of the trial court.

## FACTS AND PROCEDURAL HISTORY

On January 9, 2015, Plaintiffs, Robert Palermo and his wife Roberta Palermo, initiated a personal injury action against CanadianOxy Offshore Production Company ("CanadianOxy") and its insurers, including Appellant, Certain Underwriters, seeking damages for injuries allegedly sustained by Robert Palermo resulting from his purported occupational exposure to asbestos-containing materials. Certain Underwriters thereafter filed an Answer and Affirmative Defenses to Plaintiffs' Original Petition and filed Third-Party Demands, asserting incidental actions seeking contribution against several entities, including ConocoPhillips, PPG, Hartford as the alleged insurer of ConocoPhillips and PPG, Century as the alleged insurer of PPG and certain PPG officers, CCS, and Travelers as the alleged insurer of PPG and certain PPG officers. ConocoPhillips

---

[1] Travelers was not originally an appellee in the instant suit. However, following a second appeal filed by Certain Underwriters based on the granting of Travelers' exception of res judicata by the trial court, the two matters were consolidated.

and Hartford filed exceptions of improper service of process, insufficiency of citation, and lack of jurisdiction. The trial court sustained the exceptions and set a deadline for Certain Underwriters to re-cite and re-serve the third-party defendants. After Certain Underwriters failed to re-serve the parties within the time specified by the trial court's order, it ordered the dismissal of the Third-Party Demands without prejudice, pursuant to La.Code Civ.P. art. 932(B), on March 30, 2016. The trial court executed a written judgment to that effect on April 21, 2016.

Meanwhile, on April 14, 2016, Certain Underwriters filed a Motion and Order for Leave to File First Supplemental Third-Party Demand. Leave was granted by the trial court on April 18, 2016, though Certain Underwriters' third-party demand had been dismissed. The amended petition to the dismissed third-party action was then cited and served on Appellees herein. Appellees subsequently filed numerous exceptions to the service of the dismissed action. On June 30, 2016, the trial court held a hearing and found that no third-party action was pending in light of the April 21, 2016 judgment of dismissal, thereby maintaining the exceptions. On August 30, 2016, the trial court executed a written judgment submitted by the parties, dismissing without prejudice the re-cited and re-served third-party actions.

On September 22, 2016, Certain Underwriters filed another third-party demand naming Appellees, among others. On February 3, 2017, the trial court held a hearing on the various Peremptory, Declinatory and Dilatory Exceptions to the September 22, 2016 Third-Party Demand filed by ConocoPhillips, Hartford, and PPG, including an Exception of Res Judicata. All other Appellees joined in the exceptions, except Travelers who filed separate exceptions to the demand but did not assert res judicata at that time. The trial court maintained Appellees'

2

Peremptory Exception of Res Judicata, finding that La.R.S. 13:4231, et seq., barred Certain Underwriters from filing another third-party demand in the same proceeding, as the court had previously entered a final judgment dismissing Certain Underwriters' third-party action without prejudice. Thereafter, on April 11, 2017, the trial court entered a written judgment dismissing Certain Underwriters' September 22, 2016 third-party demands against Appellees, not including Travelers, without prejudice. Certain Underwriters appealed the granting of the exception to this court in docket number 17-825.

Following this decree from the trial court, Travelers filed a separate exception of res judicata, which was heard on June 22, 2017. On July 28, 2017, the trial court signed a written judgment granting Travelers' exception of res judicata, predicated on the same grounds as its April 11, 2017 ruling, and dismissing Certain Underwriters' third-party demands without prejudice. Certain Underwriters appealed the trial court's judgment, maintaining Travelers' res judicata exception, in docket number 17-1182. This court then consolidated 17-825 and 17-1182 on January 22, 2018, pursuant to an unopposed motion filed by Certain Underwriters.

On appeal, Certain Underwriters asserts that the trial court erred in granting Appellees' exceptions of res judicata as to the re-filed September 22, 2016 Third-Party Demand.

**OPINION**

The issue before us is whether the trial court erred when it maintained the exceptions of res judicata filed by Appellees, ConocoPhillips, PPG, Hartford, Century, Travelers, and CCS, in response to Certain Underwriters' September 22, 2016 third-party demand. When an exception of res judicata is raised before the

3

case is submitted and evidence is received on the exception, the standard of review on appeal is traditionally manifest error. *Leray v. Nissan Motor Corp. in U.S.A.*, 05-2051 (La.App. 1 Cir. 11/3/06), 950 So.2d 707. "However, '[t]he res judicata effect of a prior judgment is a question of law that is reviewed de novo.'" *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210, p. 2 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, 1059, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995 (quoting *Morales v. Parish of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672). The question presented here is the res judicata effect of the previous judgment of the trial court, dismissing without prejudice Appellant's third-party demands against Appellees. Accordingly, we conduct a de novo review to determine whether the trial court was legally correct in sustaining the exceptions of res judicata in favor of Appellees.

The purpose of the exception of res judicata is to bar the re-litigation of a subject matter arising from the same transaction or occurrence as that of a previous suit. *Ave. Plaza, L.L.C. v. Falgoust*, 96-173 (La. 7/2/96), 676 So.2d 1077; La.R.S. 13:4231. It promotes judicial efficiency and a final resolution of disputes. *Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.*, 95-654, 95-671 (La. 1/16/96), 666 So.2d 624. "On the trial of the peremptory exception raising the objection of *res judicata*, the burden of proving the facts essential to sustaining the objection is on the party pleading the objection." *Union Planters Bank v. Commercial Capital Holding Corp.*, 04-871, p. 3 (La.App. 1 Cir. 3/24/05), 907 So.2d 129, 130. If any doubt exists as to its application, the exception raising the objection of res judicata must be overruled and the second lawsuit maintained. *Denkmann Assocs. v. IP Timberlands Operating Co., Ltd.*, 96-2209 (La.App. 1 Cir. 2/20/98), 710 So.2d 1091, *writ denied*, 98-1398 (La. 7/2/98), 724 So.2d 738. The concept should be

4

rejected when doubt exists as to whether **a [party's] substantive rights** actually have been previously addressed and [whether those rights have been] finally resolved." *Patin v. Patin*, 00-969, p. 5 (La.App. 1 Cir. 6/22/01), 808 So.2d 673, 676 (emphasis added).

> With the 1990 amendment to the res judicata statute, however, the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action. *Avenue Plaza* at p. 6, 676 So.2d at 1080. *See also* La.R.S.13:4231 cmt. a (1990). While this is the central inquiry under the current statute, it is not the only inquiry. A reading of La.R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 02-1385, pp. 7-8 (La. 2/25/03), 843 So.2d 1049, 1053.

The trial court and Appellees relied on the holding in *Johnson v. University Medical Center in Lafayette*, 13-40 (La. 3/15/13), 109 So.3d 347, for the proposition that the dismissal of the third-party demands of Certain Underwriters, without prejudice and designated as a final judgment, has res judicata effect barring the refiling of the demands. In *Johnson*, the court stated:

> Louisiana Code of Civil Procedure Article 1673 provides, in pertinent part: "A judgment of dismissal without prejudice shall not constitute a bar to *another suit* on the same cause of action." (Emphasis added.) When an action has been dismissed by final judgment, that action is at an end, and a plaintiff cannot thereafter assert new allegations or demands in that proceeding; the plaintiff's remedy is to file a new and separate suit. *See Hayes v. Muller*, 248 La. 934, 183 So.2d 310 (La.1966). The dismissal of the plaintiff's suit, as instituted by her March 16, 2006 petition, was fully and finally dismissed, without prejudice, pursuant to LSA-R.S. 13:5107(D), by this court's November 21, 2007 judgment, rendered in *Johnson v. University Medical Center in Lafayette*, [07-1683 (La. 11/21/07), 968 So.2d 724]. That judgment of dismissal is now res judicata, which can be noticed by either the trial or an appellate court on its own motion. *See* LSA-C.C.P. art. 927.

5

Accordingly, we grant the application for certiorari in this case, and we conclude that any further allegations or demands are now barred in this suit.

*Id.* at 349.

We find that the trial court in this case misconstrued the holding in *Johnson*. In *Johnson*, the plaintiff filed suit against State entities in a medical malpractice action. The trial court dismissed the case without prejudice. Plaintiff, after the supreme court upheld the dismissal of the suit in 2007 in *Johnson v. University Medical Center in Lafayette*, 07-1683 (La. 11/21/07), 968 So.2d 724, had the same defendants re-served within the same lawsuit in an attempt to continue pursuing the claim. The supreme court correctly noted that the plaintiff's main demand had been dismissed, that the dismissal was final, and that the case could not be resurrected thereafter within that same proceeding. Thus, the supreme court recognized the exception of res judicata on its own motion, as authorized by La.Code Civ.P. art. 927(B). *See Johnson*, 190 So.3d 347. The optimum language, overlooked by the trial court and Appellees in argument herein, is the supreme court's conclusion that the re-filing of the claim is barred "in this suit." It goes without saying that once the main demand has been dismissed, there is no suit in which to refile a new claim. It must be done by the filing of a new suit. That is not the situation presented here.

The instant cases differ dramatically from the facts reviewed in *Johnson*. Here, the main demand of the plaintiffs is still pending. The initial attempt at the filing of the incidental third-party demands was dismissed, but the dismissal was without prejudice, based on procedural grounds as opposed to substantive ones. Clearly, as acknowledged by the third-party defendants and Appellees herein, Certain Underwriters could file its claims in a separate, new lawsuit. "It is

6

elementary, however, that an exception of Res Judicata (the authority of the thing adjudged) must be predicated upon a final judgment." *McCoy v. Tangipahoa Parish Sch. Bd.*, 308 So.2d 382, 384 (La.App. 1 Cir.), *writ denied*, 310 So.2d 856 (La.1975). "A judgment that determines the merits in whole or in part is a final judgment." La.Code Civ.P. art. 1841. The main demand of the plaintiff was not dismissed as a final judgment in these suits. The judgment of dismissal of the third-party demands did not even begin to determine the merits of the claims set forth in the third-party demands. The dismissal was based solely on procedural grounds. It is clear Certain Underwriters' substantive rights were not addressed. *Patin*, 808 So.2d 673. The incidental third-party demands are still viable, are not prescribed, and have not otherwise been substantively resolved. That being the case, there is no legal impediment to the re-filing of the third-party demands in the still pending main demand of the plaintiffs herein.

Appellees assert that because the judgment dismissing the original third-party demands was designated a "final judgment," the subsequent re-filing of the third-party demands within the instant suit should not be allowed. This designation is not, however, the *sine qua non*.

> "A final judgment is appealable in all cases in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814." La. C.C.P. ART. 2083 A. "A judgment that determines the merits in whole or in part is a final judgment." La. C.C.P. ART. 1841. "No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated." La. C.C.P. ART. 1911.

> "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." La. C.C.P. ART. 1841. "An interlocutory judgment is appealable only when expressly provided by law." La. C.C.P. ART. 2083 C; *see, e.g.*, La. C.C.P. ART. 3612 B (relating to the denial or the granting of a preliminary injunction), or La. C.C.P. ART. 592

7

A(3)(b) (relating to certification in class actions). If not expressly provided by law, there is no right to appeal an interlocutory judgment. *See, e.g.,* La. C.C.P. ART. 968 ("An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment.").

*Favrot v. Favrot*, 10-986, pp. 2-3 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1102-03, *writ denied*, 11-636 (La. 5/6/11), 62 So.3d 127.

"A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial" while "[a] judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action." La.Code Civ.P. art. 1673. The relevance of a dismissal with prejudice, as opposed to without prejudice, is that the dismissal with prejudice has res judicata effect on the parties to the suit dismissed, whereas the dismissal without prejudice allows the re-filing of the matter at hand. *Sims v. Am. Ins. Co.*, 12-204 (La. 10/16/12), 101 So.3d 1. In the instant case, the dismissal of the third-party demands was without prejudice. Thus, there is no res judicata effect from the original dismissal. Where the main demand in the suit is still pending, a judgment of dismissal without prejudice does not preclude the re-filing of the dismissed claims in the original suit.

> Louisiana Code of Civil Procedure Art. 1673 states that [sic] in pertinent part that ". . . a judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action." The Official Revision Comment notes that "(a) case dismissed without prejudice can be reinstituted; the judgment is neither final or definitive." We interpret the word "reinstitute" to mean "reestablish". The wording "shall not constitute a bar to another suit" in LSA-C.C.P. Art. 1673 does not necessarily mean that a pending suit amended to join the same defendants shall be barred. Where there are no other viable defendants remaining in the original suit, a new suit is required. Louisiana C.C.P. Art. 933's general rule-that if a dilatory exception pleading prematurity is sustained, the suit shall be dismissed-is mandated where no co-defendant tortfeasors remain in the original suit. However, where a viable defendant remains in an existing lawsuit, it is an unnecessary and useless act to require plaintiffs to file a new suit and then move to consolidate the cases, warranting a

8

wasteful, burdensome procedure. We find no prejudice to the rights of the other parties in allowing plaintiffs to amend their original petition to join additional defendants who have been dismissed without prejudice when a viable defendant remains in an existing lawsuit.

*Barracliff v. E. Jefferson Gen. Hosp.*, 573 So.2d 1200, 1203 (La.App. 4 Cir.), *writ denied*, 575 So.2d 825 (La.1991).

In the instant case, it would likewise constitute an "unnecessary and useless act" to require Certain Underwriters to file a new, separate suit to assert its still viable third-party demands. *Id.* Accordingly, we reverse the rulings of the trial court and remand for further proceedings.

## DISPOSITION

For the reasons herein, the judgments of the trial court granting the exceptions of res judicata are reversed, in both 17-825 and 17-1182. The cases are remanded for proceedings consistent herewith. Costs of these proceedings are assessed to all Appellees: ConocoPhillips Company; PPG Industries, Inc.; Hartford Accident and Indemnity Company, as the alleged insurer of ConocoPhillips and PPG; Century Indemnity Company, as the alleged insurer of PPG and certain PPG Industries, Inc. executive officers; Travelers Casualty and Surety Company and Travelers Indemnity Company as the alleged insurer of PPG and certain PPG Industries, Inc. executive officers; and Crown, Cork & Seal Company, Inc.

**REVERSED AND REMANDED.**

9