**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**19-328**


**IN RE: MARSHALL LEGACY FOUNDATION**


**\*\*\*\*\*\*\*\*\*\***


SUPERVISORY WRIT FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2015-3683
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
John D. Saunders, Judges.


**WRIT DENIED.**

**Wilford D. Carter**
**Wilford Carter Law, LLC**
**1025 Mill Street**
**Lake Charles, LA 70601**
**(337) 564-6990**
**COUNSEL FOR OTHER RESPONDENT:**
    **Preston L. Marshall**

**Hunter W. Lundy**
**Matthew E. Lundy**
**Rudie R. Soileau, Jr.**
**T. Houston Middleton, IV**
**Daniel A. Kramer**
**Lundy, Lundy, Soileau & South, L.L.P.**
**501 Broad Street**
**Lake Charles, LA 70601**
**(337) 439-0707**
**COUNSEL FOR OTHER RESPONDENT:**
    **Preston L. Marshall**

**Jeffrey W. Chambers**
**Chambers Law Group**
**711 Louisiana Street, Suite 2150**
**Houston, TX 77002**
**(713) 438-5244**
**COUNSEL FOR OTHER RESPONDENT:**
    **Preston L. Marshall**

**Walter M. Sanchez**
**Alexander L.H. Reed**
**The Sanchez Law Firm, L.L.C.**
**1200 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-4405**
**COUNSEL FOR OTHER APPLICANT:**
    **Elaine T. Marshall**

**Michael Reese Davis**
**Tim P. Hartdegen**
**Hymel Davis & Petersen, LLC**
**10602 Coursey Blvd.**
**Baton Rouge, LA 70816**
**(225) 298-8118**
**COUNSEL FOR OTHER APPLICANT:**
    **Elaine T. Marshall**

**Todd S. Clemons**
**Janet D. Madison**
**Todd Clemons & Associates**
**A Professional Law Corporation**
**1740 Ryan Street**
**Lake Charles, LA 70601**
**(337) 477-0000**
**COUNSEL FOR OTHER APPLICANT:**
    **Dr. Stephen D. Cook**

**SAUNDERS, Judge.**

Relators, Elaine T. Marshall (Elaine) and Dr. Stephen D. Cook (Dr. Cook), as co-trustees of the Marshall Legacy Foundation (the Legacy trust), seek supervisory writs from the judgment of the Fourteenth Judicial District Court, Parish of Calcasieu, the Honorable Ronald F. Ware presiding, which denied their exception of res judicata filed in response to claims asserted in federal court by Preston L. Marshall (Preston). The ruling was rendered in open court on April 2, 2019, by the Honorable Ronald F. Ware, presiding. Following the denial of the exception, Elaine filed a motion to recuse Judge Ware, Division H. After several recusals, the motion was finally assigned to Judge Canaday, Division G. Elaine now seeks additional supervisory review of the trial court's allotment of the motion.

## STATEMENT OF THE CASE

This matter arises out of the succession of E. Pierce Marshall, Sr. (Pierce Sr.), who died in 2006. The litigation regarding the Marshall family fortune includes suits filed in both state and federal courts of Louisiana, as well as in Texas and Wyoming

In 2011, Elaine set up the Peroxisome Trust, a Louisiana Irrevocable trust. Preston and his brother, Pierce, Jr. were named co-trustees and co-remainder beneficiaries of the trust. Also named as beneficiary of the Peroxisome Trust was the Marshall Heritage Foundation (the Heritage trust). Pierce Sr. was the sole trustee of the Heritage trust from its foundation in 1995, until the trust instrument was amended to name Dr. Cook as its sole trustee in 1997. In 2007, Dr Cook appointed Elaine, Preston, and Pierce Jr. as his co-trustees of the Heritage trust. A designated annuity was to be paid to the Heritage trust over twenty years, and the remainder was to be divided between Preston and Pierce Jr.

The dispute giving rise to the issue in this Writ Application arose upon the division of the Heritage trust. Upon request by Elaine, the trial court ordered that

the Heritage trust be divided into two foundations: the first to remain the Marshall Heritage Foundation (the Heritage trust), and the second to be called the Marshall Legacy Foundation (the Legacy trust). The Legacy trust was to be governed by Elaine, Dr. Cook, and Preston, as co-trustees. However, Preston took issue with the classification of the new foundations, arguing that the division of the original Heritage foundation resulted in the formation of two, wholly new entities.[1]

The Legacy trust's funds were placed in a bank account at Frost Bank and a brokerage account at Frost Brokerage in Houston, Texas. The account required two signatures for transactions. A Marshall family company, MarOpCo, Inc. (MarOpCo), issued checks and handled the financial administrative tasks for the Legacy trust. Preston refused to sign several checks for grants[2] and instructed Frost Bank to place a debit hold on all activity for the Legacy trust. Approximately $12,849,000.00 was subject to the hold which was placed by Frost. On September 4, 2015, in response to Preston's actions, Elaine and Dr. Cook moved the Legacy trust's financial accounts to Northern Trust in Dallas, Texas. Then, on September 8, 2015, Elaine wrote a letter to Preston informing him that she and Dr. Cook were revoking any outstanding delegations of authority to him. However, because Preston refused to take action necessary to effectuate Dr. Cook's being an authorized signor on the accounts of the Legacy trust, Elaine and Dr. Cook voted and passed a resolution between September 14-15, 2015, that removed Preston as co-trustee.

---

[1] The distinction is important because if there is nothing "created," "the existing articles of the foundation would carry over to the new foundations." The existing articles contained an "anti-amendment provision" which prohibited the amendment of the provisions contained in articles V, IX, and X. Article V contained a provision that limited Dr. Cook's tenure as a trustee to a single year. The new articles, which were not executed by the co-trustees until February 2014, completely rewrote Article V and deleted the provision limiting Dr. Cook's tenure.

[2] Two of these checks were payable to Baylor University (Preston's alma mater) and the Kincaid School (where Preston's children attend).

**19-328:** In *Cook v. Marshall*, 17-5368, slip op. (E.D. La. 2019) *appeal* docketed, No. 19-30200 (5th Cir. 2019), the court granted a motion for summary judgment filed by Dr. Cook as the trustee of the Heritage trust. The court found that no amendment was necessary and declared that as co-trustee of the Peroxisome Trust, Preston is obligated to assure the distribution of funds owed to the Heritage trust as a beneficiary of the Peroxisome Trust and that his continued refusal to authorize such distributions is a breach of trust and a breach of his fiduciary duties.

Based on the ruling in *Cook*, 17-5368, Elaine and Dr. Cook filed exceptions of res judicata. The trial court held a hearing on April 2, 2019, and denied the exception. Elaine and Dr. Cook timely filed a notice of intent to seek supervisory writs, and the trial court set a return date of May 2, 2019. This writ application was timely filed, and Preston filed an opposition. Elaine and Dr. Cook filed a supplement to inform the court of a June 24, 2019 hearing on the motion to recuse and a reply to Preston's opposition.

**19-450:** After the hearing on the exception of res judicata, Elaine filed a motion to recuse Judge Ware, Division H, after which he referred the motion for random allotment to another judge. It was assigned to Judge Clayton Davis, Division B, who self-recused because his former law partner represents Preston, and the motion was randomly assigned to Judge Ritchie, Division E, who is the subject of a motion to recuse in *In Re: Peroxisome Trust*. By order dated April 30, 2019, Judge Ritchie sent the motion for random assignment, but ordered that Judge Sharon Wilson, Division F, who was already the subject to a motion to recuse by Preston in a related case, be removed from the process. The motion was finally assigned to Judge Canaday, Division G, but Elaine challenges the appropriateness of this allotment.

**ON THE MERITS**

*Res Judicata*

> When an exception of res judicata is raised before the case is submitted and evidence is received on the exception, the standard of review on appeal is traditionally manifest error. *Leray v. Nissan Motor Corp. in U.S.A.*, 05-2051 (La.App. 1 Cir. 11/3/06), 950 So.2d 707. "However, '[t]he res judicata effect of a prior judgment is a question of law that is reviewed de novo.'" *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210, p. 2 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, 1059, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995 (quoting *Morales v. Parish of Jefferson*, 10-273, p. 6 (La.App. 5 Cir. 11/9/10), 54 So.3d 669, 672).

*Palermo v. Century Indem. Co.*, 17-825, p. 4 (La. App. 3 Cir. 5/23/18), 248 So.3d 462, 466.

> A party faced with relitigation of a federal judgment in a state court proceeding may plead the federal judgment as res judicata. If the state court refuses to recognize the proper scope of the federal judgment, the party may appeal through the state courts and ultimately seek review in the United States Supreme Court.

*Pilie & Pilie v. Metz*, 547 So.2d 1305, 1309 (La.1989). In *Pilie*, the Louisiana Supreme Court found that federal law had to be applied to determine the res judicata effect of the judgment that was rendered by a federal court on the present state court action. But, in *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021 (2001), the United States Supreme Court held that the law of the state in which the federal diversity court sits would be applied to determine the res judicata effect of the federal judgment. Then, *Frank C. Minvielle LLC v. Atlantic Refining Co.*, 337 Fed.Appx. 429, 434 (5th Cir. 2009), held that Louisiana courts consistently held that federal law is used to determine whether a federal judgment has res judicata effect and refused to "weigh the effects of *Semtek*."

Under federal law, res judicata has four elements: (1) the parties are identical or in privity; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment rendered on the merits; (4) the actions involve the same claim or cause of action. *See id*.

4

Preston argues that the parties are not the same because Elaine was not involved in the federal litigation; had she been, her involvement would have defeated diversity jurisdiction such that the federal court would not have been a court of competent jurisdiction. Preston also contends that he and Dr. Cook appear in the two suits in completely different capacities and that two different trusts are involved in the two suits. However, Elaine and Dr. Cook argue that Preston admitted in the federal case that the interest of all parties are "indisputably aligned" regardless of which trust or foundation is involved.

Preston also argues that the two suits do not arise out of the same transaction or occurrence. In the federal suit, Dr. Cook sought to have Preston, as co-trustee of the Peroxisome Trust, fulfill his obligation to the Heritage trust. In this suit, Preston seeks injunctive and declaratory relief regarding the administration of the Legacy trust. The trial court found that the same issues and rights and relationships between the parties could not be litigated in federal court because Elaine would have to be a party.

Preston also argues that the federal court judgment is not final because it is the subject of a pending appeal. In response, Elaine and Dr. Cook argue that "a case pending appeal is res judicata and is entitled to full faith and credit unless and until reversed on appeal. *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 158 B.R. 71, 74 (E.D. La. 1993).

We find that while the same operative facts give rise to all of the litigation regarding Pierce Sr.'s succession, the various trusts and trust instruments are not the same. As such, the MLF trust instrument was not at issue in the federal court

5

litigation.  Accordingly, we find no error in the trial court's ruling denying the exception of *res judicata*.

**WRIT DENIED.**